UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY P. SWANTAK,

        Petitioner,

                        CASE NO. 08-CV-10126
v.                         HONORABLE LAWRENCE P. ZATKOFF

KENNETH ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR APPOINTMENT OF COUNSEL, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Jeffrey P. Swantak, a state prisoner currently confined at the Parr Highway Correctional Facility in Adrian, Michigan, challenges his parole revocation proceedings and current confinement. Petitioner states that he was released on parole on November 3, 2005. He was subsequently arrested and placed in a county jail on June 27, 2006, for a parole violation. After being transferred to a state prison, he was arraigned on the parole violation charge on July 15, 2006. Petitioner claims that he has since been transferred to various state prisons but has not had a formal revocation hearing on the parole violation charges. Petitioner also challenges the 1992 revisions to the state parole statute in his petition. For the reasons stated herein, the Court dismisses without prejudice the petition for a writ of habeas corpus, denies Petitioner's motion for appointment of counsel, and denies a certificate of appealability and

1

leave to proceed *in forma pauperis* on appeal.

**II.    Discussion**

A prisoner filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). This holds true for habeas petitions challenging state parole revocation proceedings and decisions. *See Brewer v. Dahlberg*, 942 F.2d 328, 337–39 (6th Cir. 1991); *Lee v. Trombley*, No. 02-72279, 2003 WL 1119913, at *4 (E.D. Mich. Feb. 11, 2003). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). The exhaustion requirement is satisfied when the state's highest court has been given "a full and fair opportunity" to rule on the petitioner's claims. *Rust*, 17 F.3d at 160. A petitioner must present each ground to both appellate courts. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *See Rust*, 17 F.3d at 160.

In this case, Petitioner admits that he has not exhausted his state remedies as he has not presented his habeas claims to the Michigan courts. Petitioner has available state court remedies to challenge his parole revocation proceedings and current confinement that must be exhausted before he seeks federal habeas review. The Administrative Procedures Act, Mich. Comp. Laws § 24.201 *et seq.*, provides an inmate whose parole has been revoked with the right to seek judicial review of the revocation decision with the Michigan circuit courts. *See Penn v. Dep't of Corr.*, 298 N.W.2d 756 (Mich. Ct. App. 1980). Petitioner has not done so with respect to his claims

challenging his parole revocation. Nor has he pursued his claims in the Michigan Court of Appeals or the Michigan Supreme Court. *See* Mich. Ct. R. 7.205, 7.302.[1]

Petitioner may also challenge the revocation of his parole by filing a complaint for writ of habeas corpus in the appropriate state circuit court. *See* Mich. Comp. Laws § 600.4301 *et seq.*, Mich. Ct. R. 3.303; *Triplett v. Deputy Warden*, 371 N.W.2d 862 (Mich. Ct. App. 1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 380–81 (E.D. Mich. 1991). There is no time limitation for when such a complaint may be filed, so long as the prisoner will be in custody when the circuit court enters judgment. *See Triplett*, 371 N.W.2d at 865. Although the denial of such a writ is not appealable by right, the petition may be renewed by filing an original complaint for writ of habeas corpus with the Michigan Court of Appeals. *Id*. Denial of such a complaint by the Michigan Court of Appeals is subject to review by the Michigan Supreme Court. *See* Mich. Ct. R. 7.301.

In this case, Petitioner has failed to establish that he has exhausted available state court remedies prior to filing his federal habeas petition. Absent the exhaustion of those remedies, his petition is premature and must be dismissed.

### III.   Conclusion

The Court concludes that Petitioner has failed to exhaust state court remedies as to the claims contained his habeas petition. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the timeliness or merits of Petitioner's claims. Given this determination, the Court also **DENIES** Petitioner's pending

---

[1] The Administrative Procedures Act requires that an appeal from an agency ruling be made within 60 days of the ruling. *See* Mich. Comp. Laws § 24.304(1). It appears that Petitioner did not seek review of the revocation decision within 60 days. This remedy may thus no longer be available to Petitioner.

motion for appointment of counsel.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED.**

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: January 18, 2008

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 18, 2008.

                                              s/Marie E. Verlinde  
                                              Case Manager  
                                              (810) 984-3290